788

■ MT. IVY SAND & GRAVEL CO., INC., Respondent, v. JOHN F. MCALEVEY et al., Constituting the Town Board of the Town of Ramapo, Appellants.— In an action to declare void, as to plaintiff's real property, a certain zoning ordinance of the Town of Ramapo and for related relief, defendants appeal from an order of the Supreme Court, Westchester County, dated December 16, 1968 and entered in Rockland County on December 27, 1968, which denied their motion to dismiss the complaint. The parties in their briefs state that a subsequent zoning ordinance was enacted by the town which contains the same provisions pertaining to respondent as are contained in the ordinance to which the complaint is addressed; previously this court declared the latter ordinance void because it was not timely entered in the Town Board's minutes (*Northern Operating Corp.* v. *Town of Ramapo*, 31 A D 2d 822); however, since the parties to this appeal in their briefs have proceeded to argue other issues pertaining to the ordinance with respect to Special Term's denial of appellants' motion to dismiss respondent's complaint, this court, in order to avoid dismissing the appeal as moot because of its earlier determination in *Northern Operating Corp.* v. *Town of Ramapo* (*supra*), will deem it that the parties have stipulated that the subsequent or corrected ordinance is before us on appeal. Order affirmed, without costs. No opinion. Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALLEN, Appellant.— In a *coram nobis* proceeding to vacate a judgment rendered in the former County Court, Kings County, on March 12, 1957, convicting defendant of robbery in the first degree and other crimes, upon a jury verdict, and imposing sentence (see *People* v. *Allen*, 5 A D 2d 696), defendant appeals from an order of the Supreme Court, Kings County, dated April 12, 1968, which denied the application after a *Huntley* hearing. The application was made on the ground that appellant's confession, transcribed by a reporter of the District Attorney's office and read in evidence at the trial in 1957, was involuntary. The Criminal Term, in denying the application, specifically found the confession was voluntary. Order affirmed. No opinion. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTIAN SILVA MONTIERO, Appellant.— Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated February 1, 1968, as, on reargument, adhered to the original decision denying his motion for resentence. Appeal dismissed. No appeal lies from an order denying a motion for resentence. We have, however, examined the merits of the matter and, were we not dismissing the appeal, we would affirm the order insofar as appealed from. Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SMILEY, JR., Appellant.— In a *coram nobis* proceeding to vacate a judgment convicting defendant of attempted grand larceny in the second degree, upon his plea of guilty, the appeal is from an order of the Supreme Court, Kings County, dated August 4, 1966, which denied the application. Order affirmed. We find no merit to the claim that defendant did not know that the vehicle had been stolen when he drove it. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.